IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NATHAN EUGENE ALLEN,

    Petitioner,

v.                                                   Civil Action No. **3:15CV431**

**COMMONWEALTH OF VIRGINIA,**

    Respondent.

## MEMORANDUM OPINION

Nathan Eugene Allen, a Virginia prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved to dismiss on the grounds that Allen has failed to exhaust his state court remedies. For the reasons set forth below, the Motion to Dismiss (ECF No. 7) will be granted.

### I. Procedural History

By Order entered on October 15, 2014, the Circuit Court of the City of Richmond ("Circuit Court") sentenced Allen to a three-year active sentence for his conviction of domestic abduction. *Commonwealth v. Allen*, No. CR14–F–0991, at 1 (Va. Cir. Ct. Oct. 15, 2014). Allen appealed. On June 10, 2015, the Court of Appeals of Virginia denied Allen's appeal. *Allen v. Commonwealth*, No. 2069–14–2, at 1 (Va. Ct. App. June 10, 2015). Allen failed to file a further appeal to the Supreme Court of Virginia.

On July 13, 2015, Allen filed his § 2254 Petition with this Court. (§ 2254 Pet. 16.) In his § 2254 Petition, Allen demands relief upon the following grounds:

| | |
|---|---|
| Claim One | Appellate counsel failed to file the transcripts in a timely manner. |
| Claim Two | Appellate counsel failed to file a statement of facts. |

Claim Three          The evidence was not sufficient to support Allen's conviction.

Claim Four           Appellate counsel failed to consult with Allen in a timely manner which caused Allen to lose the ability to pursue an appeal before a three-judge panel of the Court of Appeals of Virginia.

## II. Analysis

Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). State exhaustion "'is rooted in considerations of federal-state comity,'" and in the congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate "'opportunity'" to address the constitutional claims advanced on federal habeas. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (additional internal quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* at 29 (quoting *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995)).

Exhaustion requires a petitioner to utilize all available state remedies before he or she can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847-48 (1999). As to whether a petitioner has exhausted all available state remedies, the statute notes that a habeas

petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Here, Allen can still raise his claims for relief and the cause for default for Claim Three by filing a petition for a writ of habeas corpus in the Virginia courts. *See* Va. Code Ann. § 8.01-654 (West 2016). Allen fails to advance any coherent basis for permitting him to proceed without exhausting available state court remedies.

The Motion to Dismiss (ECF No. 7) will be GRANTED. Allen's Motion for the Appointment of Counsel (ECF No. 6) will be DENIED. The petition for a writ of habeas corpus will be DENIED WITHOUT PREJUDICE. The action will be DISMISSED WITHOUT PREJUDICE. The Court will DENY a certificate of appealability.

An appropriate Order shall issue.

/s/
Roderick C. Young
United States Magistrate Judge

Date: July 6, 2016
Richmond, Virginia